```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
JOSE RAMON GONZALEZ,                   :        14cv1973 (DLC)
                                       :        11cr1072-24(DLC)
                Petitioner,            :
                                       :          OPINION
             -v-                       :         AND ORDER
                                       :
UNITED STATES OF AMERICA,              :
                                       :
                Respondent.            :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

On January 23, 2015, Jose Ramon Gonzalez ("Gonzalez") filed
this petition for a writ of habeas corpus pursuant to 28 U.S.C.
2255.  For the following reasons, the petition is denied.

BACKGROUND

Indictment 11cr1072 charged scores of defendants with
illegal activity in connection with a multistate scheme to
divert prescription drugs and resell them.  The diverted drugs
included drugs used to treat HIV/AIDS, and resulted in millions
of dollars of loss to federal health care benefit programs.

Gonzalez was in the Dominican Republic at the time the
charges were first made public.  He surrendered on September 17,
2012, and entered a plea of guilty before Magistrate Judge Frank
Maas on July 29, 2013.  As of that date, trial was scheduled to
begin on September 16, 2013.  This Court accepted the plea on
August 13, 2013.

The plea was entered pursuant to a plea agreement with the Government ("Agreement"), in which the parties stipulated to a sentencing guidelines range of 46 to 57 months' imprisonment. Pursuant to the Agreement, Gonzalez waived the right to challenge a sentence at or below 57 months' imprisonment by appeal or through a collateral attack.  At the plea allocution, Gonzalez acknowledged the waiver.

On January 17, 2014, this Court imposed sentence on Gonzalez.  He was sentenced principally to a term of imprisonment of 46 months.

In advance of the sentence, defense counsel submitted a five page letter requesting a sentence of six months home confinement.  The letter stressed the defendant's work history, his large family, his self-surrender, and his effort to assist the Government in connection with the arrest of co-defendants. The submission included more than fifteen letters of support for the defendant, including from the defendant's employer and a member of the New York City Council.

The Presentence Report ("PSR") had recommended a sentence of 46 months' imprisonment.  The Report had been translated to the defendant and defense counsel discussed each page with Gonzalez.  The PSR recited the defendant's self-surrender, family circumstances and efforts to assist the Government, among many other things.

During the proceedings in the district court, including at the entry of the plea and at sentence, Gonzalez was represented by retained counsel Conway Martindale II.  Gonzalez indicated during his plea allocution that he was satisfied with his counsel and the advice his counsel had given him.  Gonzalez made no complaint to the Court about counsel during the sentencing proceeding or at any time prior to sentence.

Attorney Carlos Gonzalez requested on February 12, 2014, that this Court extend the time for Gonzalez to file an appeal. His letter explained that Martindale had sought assistance from attorney Gonzalez in contacting defendant Gonzalez regarding the filing of an appeal.[1]  This Court granted the request on February 14.

On February 24, 2014, attorney Gonzalez filed a notice of appeal for Gonzalez.  On April 4, while that appeal was pending, attorney Gonzalez filed a habeas petition on behalf of Gonzalez that is virtually identical to the one at issue here.  On April 9, this Court dismissed the petition without prejudice in light of the pending appeal.  Gonzalez filed a motion with the Court of Appeals on June 18, 2014, to withdraw his notice of appeal. That motion was granted on January 12, 2015.

---

[1] Attorney Gonzalez represented co-defendant Jessica Jimenez. Jimenez was sentenced on October 11, 2013, principally to five years' probation.

On January 23, 2015, Gonzalez filed the instant petition. It is also signed by attorney Carlos Gonzalez of Gonzalez Law Associates.

The petition seeks to have Gonzalez resentenced due to ineffective assistance of counsel in connection with the sentence.  It does not seek to vacate the plea or conviction.

### DISCUSSION

"[I]t is well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable."  United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008) (citation omitted).  "An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel" regarding a waiver of appeal rights.  Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (citation omitted).  "Thus, although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does."  Id. at 138-39.  Accordingly, where there is a knowing and voluntary waiver of the right to appeal at the time a defendant enters a plea of guilty, that waiver precludes a habeas challenge to the sentence even where that

4

challenge concerns the quality of an attorney's representation of the defendant at sentencing.  <u>See</u> <u>United States v. Monzon</u>, 359 F.3d 110, 118 (2d Cir. 2004).

All of the claims in Gonzalez's habeas petition relate to acts of alleged ineffective assistance of counsel.  In order to succeed on a claim of ineffective assistance of counsel, a claimant must meet the two-pronged test established by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984): "(1) he must show that counsel's performance was deficient, so deficient that, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance; and (2) he must show that the deficient performance prejudiced the defense, in the sense that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Gonzalez v. United States</u>, 722 F.3d 118, 130 (2d Cir. 2013) (citation omitted).

The petition is a ten page document.  After its opening paragraphs, it is largely structured as a form questionnaire. It contains a list of bullet points that capture various ways in which any trial counsel might provide ineffective assistance to a defendant.  Several bullet points have no relevance to Gonzalez or his complaints about Martindale.  The bullet points are followed by explanatory material.  As described below,

several passages relate to the petition's request for
resentencing.

The petition essentially identifies four ways in which
Martindale's assistance to Gonzalez was deficient in connection
with the representation provided for sentencing.  In his plea
agreement with the Government, Gonzalez waived his right to
challenge his sentence so long as it did not exceed 57 months'
imprisonment.  Since Gonzalez received a sentence below 57
months, and does not seek to set aside his plea, his waiver of
his right to collaterally attack his sentence bars these
complaints about his defense attorney's alleged failings in
connection with the sentence.

In any event, Gonzalez fails to show that the complaints
are valid or that he was prejudiced by the alleged failures.
The petition asserts most prominently that trial counsel failed
to investigate mitigating factors that could have affected the
sentence, but does not identify any argument in mitigation of
sentence that was not identified by Martindale in his pre-
sentence submission and discussed explicitly during the
sentencing proceeding.  The only mitigating factors mentioned in
the petition are the defendant's self-surrender and his futile
efforts to arrange the surrender of co-defendants.  Besides
being discussed in defense counsel's written submission, these
two factors were also discussed in the PSR.  Gonzalez himself

described his self-surrender when he addressed the Court during the sentencing proceeding.  During the sentencing proceeding the Court noted as well that Gonzalez had self-surrendered and attempted to get codefendants to surrender as well.

Gonzalez next asserts that his counsel did not request any letters in support of Gonzalez for the sentence, and that it was Gonzalez who submitted the letters to his attorney for submission to the Court.  There were over fifteen letters submitted by defense counsel to the Court in advance of the sentencing proceeding.  Gonzalez does not identify any additional letter that he wished had been included in the submission.

Gonzalez also asserts that his attorney did not adequately prepare him for the interview by the Probation Department or for the sentence and that they had limited communication before the sentence.  He complains in particular that defense counsel did not advise Gonzalez of the sentencing date.  For this reason, Gonzalez appeared late and came to Court from work "in a disheveled" manner.  Gonzalez has not shown any prejudice for any of these alleged lapses.

Gonzalez does not identify any additional information that he believes should have been included in the PSR.  As is typical, on the advice of counsel Gonzalez did not discuss his involvement in the conspiracy with the Probation Department, but

7

restricted the interview to more personal matters.  The PSR was detailed and presented every factor on which Gonzalez now relies in arguing that a shorter sentence was warranted.

Similarly, Gonzalez has not identified any argument in mitigation of sentence that his attorney failed to present to the Court.  His attorney presented those arguments in his written submission and orally at the time of sentence.  In addition, at the sentencing proceeding the attorney listed several corrections to be made to the PSR, and Gonzalez has not suggested that the attorney overlooked any errors that should also have been mentioned at that time.

The transcript from the sentencing proceeding does reveal that some scheduling "mix-up" occurred and that the sentencing proceeding began at 12:35 p.m., instead of 11:30 a.m. as originally scheduled.  But, there is no basis to conclude that that mix-up resulted in the imposition of a longer sentence than Gonzalez would have otherwise received.  Indeed, it did not have any impact on the length of the sentence imposed on the defendant.

Finally, Gonzalez argues that counsel should have made a motion to challenge the calculation of the loss amount.  The Agreement and the PSR reflected a loss amount of more than $2.5 million, but not more than $7 million, which resulted in an increase of 18 levels to the calculation of the offense level

under the Guidelines.  Gonzalez has not shown that any challenge to the calculation would have been successful.

As the Government's sentencing submission reflected, it had evidence that, although a low-level aggregator of prescription drugs who obtained the medication illegally on the street, Gonzalez engaged in massive repeated sales of those drugs to higher level aggregators from at least April 2011 to January 2012.  Its evidence included receipts for 17 transactions involving hundreds of bottles each largely of expensive AIDs medication.  Gonzalez was paid tens of thousands of dollars for each transaction.  The Medicaid value of the bottles was over $2.5 million.

## CONCLUSION

Gonzalez's January 23 petition for a writ of habeas corpus is denied.  In addition, a certificate of appealability shall be not granted.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted.  Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk

of Court shall close the case.

Dated:    New York, New York
          July 31, 2015

                              _____
                                    DENISE COTE
                         United States District Judge